UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| H.V., et al., | ) | CASE NO: 1:21CV1731 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND JUDGMENT ENTRY** |
| | ) | |
| Cloverleaf Local School District Board of Education, et al., | ) | |
| | ) | (Resolves Doc. 6) |
| Defendants. | ) | |

Pending before the Court is Defendants' motion to dismiss (Doc. 6). Upon review, the motion is GRANTED. This matter is hereby dismissed without prejudice.

In this matter, a parent seeks to prosecute a complaint against the school district in which her minor children reside. Specifically, the parent seeks to challenge the COVID protocols chosen by the school district. In response, the school district has asserted that this matter must be dismissed because the parent cannot prosecute such a suit on behalf of her minor children. The Court agrees.

As filed, this case is barred. The Sixth Circuit has explained that, "[a]lthough 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Thus, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong

to her parent or representative." *Id*. at 970-71; *see also Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) (in case against school district and administrators for alleged 42 U.S.C. § 1983 claims, explaining that "[t]he district court properly ruled that the [parents] cannot litigate *pro se* on behalf of [their minor child]" because "[n]on-attorney parents cannot litigate *pro se* on behalf of their minor children, even if the minors cannot then bring the claim themselves"). "The rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015); *see also Grappell v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021) (the rule "helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents") (internal quotation marks omitted); *Adams v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011) ("[t]he general rule prohibiting a non-attorney parent from representing his or her minor child in federal court is designed to protect the interests of the minor party; in addition, it jealously guards the judiciary's authority to govern those who practice in its courtrooms"). Although separate precedent permits a parent to prosecute special education claims involving their children under a specific federal law, it "remains binding precedent in the Sixth Circuit" that for all other claims "parents cannot serve as legal counsel for their minor child's cause of action." *Smith v. Indian Hill Exempt. Vill. Sch. Dist.*, S.D. Ohio No. 1:10-cv-718, 2011 WL 4348101, *7 (May 5, 2011)(distinguishing *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007)).

Based upon the above, the Sixth Circuit has made clear that a parent may not pursue claims of the type set forth in this matter *pro se* on behalf of a minor child.

3

Further, even a liberal reading of the complaint does not reveal any claim that independently belongs to the parent and is cognizable by law. Accordingly, the motion to dismiss is well taken.

Defendants' motion to dismiss is GRANTED. This matter is hereby dismissed without prejudice.

IT IS SO ORDERED.


November 22, 2021                    /s/ *Judge John R. Adams*
Date                                 JUDGE JOHN R. ADAMS
                                     UNITED STATES DISTRICT COURT